JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Jeremy Noll and Lisa Noll, h/w

(b) County of Residence of First Listed Plaintiff: Schuylkill
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Joseph DeRita, Esquire
1753 Kendarbren Drive, Ste 621
Jamison, PA 18929     215-491-1900

## DEFENDANTS
York Risk Services Group, Inc.
Arch Insurance Group, Inc.
Arch Insurance Company

County of Residence of First Listed Defendant: Morris County, NJ
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine |  | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** |  | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property |  | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / **Other:** / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 448 Education / ☐ 550 Civil Rights |  |  |  |
|  | ☐ 555 Prison Condition |  |  |  |
|  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
Breach of Contract

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JEREMY NOLL and LISA NOLL, h/w
112 Chestnut Street
Cressona, PA 17929
                Plaintiffs

vs.

YORK RISK SERVICES GROUP, INC.
Corporate Office
99 Cherry Hill Road, Suite 102
Parsippany, NJ 07054
   and
ARCH INSURANCE GROUP, INC.
One Liberty Plaza, 53rd Floor
New York, NY 10006
   and
ARCH INSURANCE COMPANY
One Liberty Plaza, 53rd Floor
New York, NY 10006
                Defendants

CIVIL ACTION NO.

## CIVIL ACTION - COMPLAINT

1. **PARTIES**

    1. Plaintiffs, JEREMY NOLL and LISA NOLL, husband and wife, are adult individuals who reside at 112 Chestnut Street, Cressona, Pennsylvania 17929.

    2. Defendant, YORK RISK SERVICES GROUP, INC., is a corporation located at 99 Cherry Hill Road, Suite 102, Parsippany, New Jersey 07054, which regularly does business in the state of Pennsylvania which provides claim services including but not limited to claims valuation, claims negotiations and subrogation services.

    3. Defendant, ARCH INSURANCE GROUP, INC., (hereinafter "ARCH GROUP") is a

licensed insurance carrier in the Commonwealth of Pennsylvania, which is domiciled in the State of New York, which advertises, seeks customers, purchases goods and services, and/or conducts business in Philadelphia County with an office for service located at One Liberty Plaza, 53rd Floor, New York, NY 10006.

4. Defendant, ARCH INSURANCE COMPANY, (hereinafter "ARCH INSURANCE"), is a licensed insurance carrier in the Commonwealth of Pennsylvania, which is domiciled in the State of New York, which advertises, seeks customers, purchases goods and services, and/or conducts business in Philadelphia County with an office for service located at One Liberty Plaza, 53rd Floor, New York, NY 10006.

5. Defendants, YORK RISK SERVICES GROUP, INC., ARCH GROUP and ARCH INSURANCE, are sometimes hereinafter referred to collectively as "DEFENDANTS".

2. **JURISDICTION AND VENUE**

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States.

7. Venue is appropriate in this matter pursuant to 28 U.S.C. 1391 (b)(2), in the United States District Court for the Eastern District of Pennsylvania because the Eastern District of Pennsylvania is where a substantial part of the events or omissions giving rise to the claim occurred.

8. Venue is also appropriate in this matter pursuant to 28 U.S.C. 1391(b)(3), in the United States District Court for the Eastern District of Pennsylvania because the Eastern District of Pennsylvania is a judicial district in which at least one defendant is subject to the court's personal jurisdiction with respect to this action.

9. The amount in controversy does exceed $75,000.00

10. Plaintiffs hereby demand a trial by jury.

11. Pursuant to Local Rule 53.2(3), Plaintiffs certify that money damages are being sought in excess of $150,000.00.

## COUNT I
## PLAINTIFF, LISA NOLL v.
## DEFENDANT, YORK RISK SERVICES GROUP, INC.
## DEFENDANT, ARCH INSURANCE GROUP, INC.,
## AND DEFENDANT, ARCH INSURANCE COMPANY

12. Plaintiff, LISA NOLL, incorporates herein paragraphs one through eleven hereof as if same were set forth at length below.

13. At the time of the incident described in this Complaint, Plaintiff, LISA NOLL was operating a motor vehicle owned by Service Access and Management, which was insured by Defendants, ARCH GROUP and/or ARCH INSURANCE, under policy # NCAUT0062903.

14. On or about May 3, 2012, Plaintiff, LISA NOLL, was operating a motor vehicle while in the course and scope of employment with Service Access and Management with the expressed or implied permission. Plaintiff was traveling in a westerly direction on Gordon Nagle Trail (State Highway 901) in North Manheim Township, Schuylkill County, Pennsylvania.

15. At the same time of the accident described in this Complaint, James Porter (hereinafter referred to as the "tortfeasor") owned and operated a vehicle which was registered in the State of Pennsylvania and had affixed to it a Pennsylvania licence plate.

16. The tortfeasor was operating his vehicle on Gordon Nagle Trail directly behind Plaintiff, LISA NOLL, when he slammed into the rear of Plaintiff's vehicle causing Plaintiff's

vehicle to collided into the vehicle in front which caused Plaintiff's vehicle to become airborne and flip onto its roof. As a result, Plaintiff, LISA NOLL, has suffered serious bodily injuries as described below.

17. The aforesaid accident was caused solely by the carelessness and negligence of the tortfeasor in that the tortfeasor:

   a. operated his vehicle at an excessive rate of speed under the circumstances;

   b. failed to have his vehicle under proper and adequate control at the time of the accident;

   c. operated his vehicle in a careless and negligent manner;

   d. operated his vehicle in disregard of the rules of the road and laws of the Commonwealth of Pennsylvania.

   e. operated his vehicle without due regard for the rights, safety and position of the Plaintiff at the point aforesaid;

   f. failed to keep a proper look-out;

   g. otherwise failed to exercise due and adequate care under the circumstances;

   h. failed to keep the assured clear distance ahead;

   I. failed to remain at the accident scene;

   j. operated his vehicle so that it struck in the rear the vehicle operated by Plaintiff.

18. As a result of the aforesaid accident, Plaintiff, LISA NOLL, suffered injuries which are or may be serious and permanent including but not limited to the following:

   a. Cervical disc herniations;

   b. Cervical radiculopathy;

   c. Lumbar bulging discs with annular tear;

   d. Post concussion syndrome;

  e.  Chronic headaches;

  f.  Permanent scarring.

19. As a further result of the aforesaid accident, Plaintiff has been and may in the future be obliged to receive and undergo medical attention and care and to expend various sums of money or to incur various expenses in treating his injuries, which expenses have or may exceed the sums recoverable under the limits of 75 Pa.C.S.A. § 1711, and Plaintiff may be obligated to continue to expend such sums or to incur expenditures for an indefinite time in the future.

20. As a further result of the aforesaid incident, Plaintiff may have suffered a loss of earnings and/or an impairment of Plaintiff's earning capacity and power, which such loss of income and/or impairment of earning capacity or power has or may exceed the sums recoverable under the limits in 75 PA.C.S.A. § 1711.

21. As a further result of the aforesaid incident, Plaintiff has suffered severe physical pain, mental anguish, and humiliation and he may continue to suffer same for an indefinite time in the future.

22. At the time of the accident, the tortfeasor was insured by Liberty Mutual Insurance Company with an automobile insurance policy which had bodily injury liability limits in the amount of $15,000.00.

23. The tortfeasor's bodily injury policy limits are not adequate to compensate the Plaintiff for the injuries she suffered as a result of the aforesaid accident.

24. Defendants, ARCH GROUP and/or ARCH INSURANCE, policy was sold to Service Access and Management, the employer with Underinsured Motorist benefits.

25. As of the date of this loss, the aforesaid policy of automobile insurance, including the provisions for payment of Underinsured Motorist benefits, was in full force and effect.

26. No Defendant has ever averred or written that the policy and underinsured coverage was not in effect as of the date of this loss.

27. No Defendant has ever averred or written that Plaintiff, LISA NOLL, is ineligible for benefits under the underinsured motorist provisions of the policy that was sold to Service Access Management, and in effect as of the date of this loss.

28. On behalf of the tortfeasor, in June 2013 Liberty Mutual Insurance Company offered Plaintiff its policy limits of $15,000.00 to settle Plaintiff's claim against the tortfeasor for the injuries Plaintiff suffered in the aforesaid accident.

29. Plaintiff's counsel mailed a letter to Defendant, YORK RISK MANAGEMENT dated June 12, 2013, in which Plaintiff's counsel advised Defendant of the aforesaid Liberty Mutual Insurance Company settlement offer, and requested that Defendant provide Plaintiff with written permission to settle the claim against the tortfeasor, sign a Release in favor of the tortfeasor in exchange for the payment of $15,000.00 by Liberty Mutual Insurance Company and in addition asked that Defendant release its potential subrogation interest against the tortfeasor.

30. By letter dated July 11, 2013, Defendant, YORK RISK MANAGEMENT through its claims representative, Brendan McCarthy, sent a letter to Plaintiff's counsel which confirmed Defendant's receipt of Plaintiff's counsel's letter and which advised Plaintiff's counsel that an asset check was run on the tortfeasor, James Porter, and no assets were found. In addition, Defendant, YORK RISK MANAGEMENT, agreed to waive its subrogation interest and granted Plaintiff the right to settle her claim with the tortfeasor.

31. On July 25, 2013 Plaintiff signed a release in favor of the tortfeasor pursuant to which Liberty Mutual Insurance Company paid Plaintiff its $15,000.00 policy limit.

32. Plaintiffs' counsel has confirmed that the amount of Underinsured Motorist Coverage available to claimant as an "insured" of Defendants ARCH INSURANCE GROUP, INC. and/or ARCH INSURANCE COMPANY is $1,000,000.00.

33. Plaintiffs' counsel and Brendan McCarthy, claims representative for YORK RISK SERVICES GROUP, INC., have attempted to negotiate the claim for Plaintiffs' Underinsured Motorists Benefits.

34. The parties have been unable to agree on the amount of damages.

35. The parties do not agree to Alternative Dispute Resolution (ADR) or arbitration.

36. A copy of the insuring agreement is attached hereto as Exhibit 1.

37. At all times material to this Complaint, claims representative Brendan McCarthy was an agent, servant, workman of Defendant, YORK RISK SERVICES GROUP, INC., acting within the course and scope of his employment.

38. At all times material to this Complaint, Defendant, YORK RISK SERVICES GROUP, INC., acted as the agent for Defendants, ARCH INSURANCE GROUP, INC., and/or ARCH INSURANCE COMPANY in the valuation, investigation and negotiation of the Underinsured Motorist claim.

WHEREFORE, Plaintiff, LISA NOLL, requests judgment against Defendants, YORK RISK MANAGEMENT, ARCH INSURANCE GROUP, INC., and ARCH INSURANCE COMPANY both individually and jointly in an amount that will reasonably and fully compensate her, together with interest thereon and cost of suit. Demand is hereby made for a jury trial on all issues.

## COUNT II
## PLAINTIFF, JEREMY NOLL v.
## DEFENDANT, YORK RISK SERVICES GROUP, INC.
## DEFENDANT, ARCH INSURANCE GROUP, INC.,
## AND DEFENDANT, ARCH INSURANCE COMPANY

39. Plaintiff, JEREMY NOLL, incorporates herein paragraphs one though thirty-eight hereof as if same were set forth at length below.

40. As a direct and proximate result of the carelessness and negligence of Defendants, as aforesaid, Plaintiff, JEREMY NOLL, has been obliged to incur and will for an indefinite time in the future continue to incur many expenses for medication, medical care and attention and hospitalization, in endeavoring to treat his spouse of her injuries and some of the expenses and losses which have not been made and may in the future exceed amounts to which he is otherwise entitled recovery, all to his great detriment and loss.

41. As a further result of the aforementioned careless, recklessness and negligence of the Defendant as aforesaid, Plaintiff, JEREMY NOLL, has been deprived of the society, comfort, assistance and consortium of Plaintiff, LISA NOLL, and will continue to be deprived of the foregoing for an indefinite time in the future, all to his great detriment and loss.

WHEREFORE, Plaintiff, JEREMY NOLL, requests judgment against Defendants, YORK RISK MANAGEMENT, ARCH INSURANCE GROUP, INC., and ARCH INSURANCE COMPANY both individually and jointly in an amount that will reasonably and fully compensate him, together with interest thereon and cost of suit. Demand is hereby made for a jury trial on all issues.

## COUNT III
### BREACH OF CONTRACT- UNDERINSURED MOTORISTS BENEFITS
### PLAINTIFFS, JEREMY NOLL AND LISA NOLL v.
### DEFENDANT, YORK RISK SERVICES GROUP, INC.
### DEFENDANT, ARCH INSURANCE GROUP, INC.,
### AND DEFENDANT, ARCH INSURANCE COMPANY

42. Plaintiffs, JEREMY NOLL and LISA NOLL, incorporate herein paragraphs one though forty-one hereof as if same were set forth at length below.

43. Plaintiff, LISA NOLL, was insured under Service Access and Management's motor vehicle insurance coverage policy issued by Defendants, which provided for underinsured motorist benefits.

44. The motor vehicle insurance coverage policy is a unilateral binding agreement and/or contact and/or policy that was drafted by the Defendants.

45. Plaintiffs have fully complied with all the terms, conditions and duties required under the ARCH INSURANCE GROUP, INC., and/or ARCH INSURANCE COMPANY insurance policy which is the subject of this case.

46. Defendants breached the terms of the agreement by failing to objectively and fairly evaluate Plaintiffs' claims.

47. Defendants, have failed to properly offer payment of the reasonable and fair value of the claims to the Plaintiffs.

48. Defendant have failed to reasonably investigate Plaintiffs' claims inasmuch as a thorough and proper inquiry would have revealed that Plaintiff, LISA NOLL has suffered injuries caused by the accident described in the complaint, the value of which exceeds $15,000.00.

49. Defendants owe Plaintiffs a fiduciary, contractual and statutory obligation to investigate, evaluate and negotiate Plaintiffs' underinsured motorist claims in good faith and to

arrive at a prompt, fair and equitable settlement.

50. For reasons set forth above, Defendants have violated their obligations under the policy of insurance.

51. Defendants, YORK RISK MANAGEMENT, ARCH INSURANCE GROUP, INC., and ARCH INSURANCE COMPANY both individually and jointly owes PLAINTIFFS' $1,000,000.00 in underinsured motorist benefits pursuant to the terms of the insurance policy which is the subject of this case.

WHEREFORE, Plaintiffs, JEREMY NOLL and LISA NOLL, requests judgment against Defendants, YORK RISK MANAGEMENT, ARCH INSURANCE GROUP, INC., and ARCH INSURANCE COMPANY both individually and jointly in excess of one hundred fifty thousand dollars ($150,000.00), plus additional compensatory and /or consequential damages allows by law, together with interest, costs of suit, attorneys fees and such other relief as this Honorable Court deems just and proper. Demand is hereby made for a jury trial on all issues.

Respectfully submitted,
**Law Offices of Joseph DeRita, LLC**

_____
Joseph DeRita, Esquire
Attorney ID # 48718
Attorney for Plaintiffs
1753 Kendarbren Drive, Suite 621
Jamison, PA 18929
215-491-1900

## VERIFICATION

I, Jeremy Noll, hereby verify that the averments of fact set forth in the foregoing pleading are true and correct to the best of my knowledge, information and belief. This verification is made subject to the penalties of 18 Pa.C.S.A. Section 4904 relating to unsworn falsification to authorities.

_____
Jeremy Noll

## VERIFICATION

I, Lisa Noll, hereby verify that the averments of fact set forth in the foregoing pleading are true and correct to the best of my knowledge, information and belief. This verification is made subject to the penalties of 18 Pa.C.S.A. Section 4904 relating to unsworn falsification to authorities.

_____
Lisa Noll